UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LOUIS CONWAY,

Plaintiff,

v. Case No. 1:26-cv-205-AW-HTC

JASMINE LECOUNT
MCCLANAHAN, et al.,

Defendants.
________________________/

REPORT AND RECOMMENDATION

Plaintiff Louis Conway, proceeding *pro se*, filed a complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2) which were received by this Court on September 4, 2026. After reviewing the complaint and Conway's litigation history, the undersigned recommends this case be DISMISSED without prejudice as malicious, as it is duplicative of cases Conway has filed in district courts throughout the country.

Under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss an action that is frivolous or malicious.[1] The filing of a duplicative complaint is considered "an

[1] By moving to proceed *in forma pauperis*, Conway has invoked the screening provisions of 28 U.S.C. § 1915(e)(2)(B). *See Whitted v. Sarasota Mem'l Hosp.*, 2024 WL 4392784, at *1 n.1 (M.D. Fla. Oct. 3, 2024) (construing a *pro se* litigant's "failure to pay the filing fee as a request to proceed *in forma pauperis*" when screening and dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)). However, because this case should be dismissed *sua sponte*, the motion to proceed *in forma pauperis* will be denied as moot by separate order.

abuse of the judicial process" and the complaint "is properly dismissed without prejudice as malicious[.]" *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021).

In this case, Conway sues fifty-five (55) Defendants. His complaint states, in its entirety:

1. Defendants are involved in a multi-district network, which are subjected to supervision and control of federal agents,
2. The Court has power to direct control in accordance with the manual.

Doc. 1 at 1. A review of Conway's litigation history on PACER reveals he has filed the exact same complaint against the same Defendants in numerous district courts throughout the country. *See e.g.*, D.N.M. Case No. 1:26-cv-2876 (complaint docketed August 31, 2026); E.D. Tex. Case No. 1:26-cv-382 (complaint docketed August 31, 2026); E.D. Wash. Case No. 2:26-cv-382 (complaint docketed September 1, 2026).

Because this case is duplicative of cases Conway filed in other federal courts, including cases that were opened before this one, this case should be dismissed without prejudice as malicious.[2] *See Daker*, 999 F.3d at 1310 (affirming dismissal of complaint as malicious when complaint contained claims duplicative of claims plaintiff had already asserted in two other pending civil actions).

[2] Dismissal of this case is also appropriate because Conway's allegations are conclusory and fail to state a claim under Fed. R. Civ. P. 8.

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The clerk close the file.

At Pensacola, Florida, this 9th day of September, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.